**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

DOUGLAS AREVALO,

    Plaintiff,

v.                                                                                          **CIVIL NO. 1:13-cv-01219-TSE-TRJ**

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS,
INC., TRANS UNION, LLC, FMS, INC.,
THE CBE GROUP, INC., and
GRANITE BAY ACCEPTANCE, INC.

    Defendants.

**DEFENDANT TRANS UNION LLC'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Trans Union LLC ("Trans Union"), by counsel, files its Answer and Defenses to Douglas Arevalo's ("Plaintiff") Complaint ("Complaint"). The paragraph numbers below correspond to the paragraph numbers contained in the Plaintiff's Complaint to the extent possible.

**PRELIMINARY STATEMENT**

1.    Trans Union admits that Plaintiff has asserted claims against Defendants alleging statutory, actual, and punitive damages, costs and attorney's fees pursuant to the Fair Credit Reporting Act ("FCRA"). Trans Union denies that it violated any of the laws relied on by Plaintiff and denies the remaining allegations contained in paragraph 1 of the Complaint.

2.    Trans Union admits that it is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f). Trans Union denies the remaining allegations contained in paragraph 2 of the Complaint.

3.    Trans Union denies the allegations in paragraph 3 of the Complaint.

4.    Trans Union admits that Plaintiff has asserted claims against Trans Union pursuant the FCRA, 15 U.S.C. §§ 1681e(b) and 1681i. Trans Union denies that it violated any of

1

the laws relied on by Plaintiff and denies the remaining allegations contained in paragraph 4 of the Complaint.

5. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, therefore, denies same.

## JURISDICTION

6. Trans Union admits that the Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

## PARTIES

7. Trans Union admits that the Plaintiff is a natural person and a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c). Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7, and therefore, denies the same.

8. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies same.

9. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies same.

10. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies same.

11. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies same.

12. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, denies same.

13. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, denies same.

14. Trans Union admits that it is a limited liability company authorized to do business within the Commonwealth of Virginia. Trans Union further admits that it maintains a registered agent in Richmond, Virginia.

15. Trans Union admits that it is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f). Trans Union further admits that it assembles consumer credit information for the purpose of furnishing consumer reports to third parties. Trans Union denies the remaining allegations contained in paragraph 15 of the Complaint.

16. Trans Union admits that it sells consumer reports pursuant to contracts and agreements with subscribers. Trans Union denies the remaining allegations contained in paragraph 16 of the Complaint.

17. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, denies same.

18. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, denies same.

19. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and, therefore, denies same.

### FACTS

20. Trans Union admits that on or about May 1, 2008, Plaintiff requested and was provided a copy of his Trans Union credit disclosure. Trans Union denies the remaining allegations contained in paragraph 20 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies same.

21. Trans Union admits that on or about May 1, 2008, it received an online dispute from Plaintiff. Trans Union denies the remaining allegations contained in paragraph 21 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, denies same.

22. Trans Union denies the allegations contained in paragraph 22 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and, therefore, denies same.

23. Trans Union denies the allegations contained in paragraph 23 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form

a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and, therefore, denies same.

24.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and, therefore, denies same.

25.     Trans Union denies the allegations contained in paragraph 25 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and, therefore, denies same.

26.     Trans Union denies the allegations contained in paragraph 26 of the Complaint.

27.     Trans Union admits that on or about May 19, 2011, Plaintiff contacted Trans Union via mail disputing the reporting of AFNI account #...8117 and Loudoun District Court Docket #500107200.  Trans Union further admits that on or about October 4, 2011, and October 12, 2011, Plaintiff contacted Trans Union via telephone disputing the reporting of Convergent Outsourcing account #....6435.  As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and, therefore, denies same.

28.     Trans Union denies the allegations contained in paragraph 28 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and, therefore, denies same.

29.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and, therefore, denies same.

30. To the extent the allegations contained in paragraph 30 of the Complaint are directed at Trans Union, Trans Union denies those allegations. Answering further, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 of the Complaint and, therefore, denies same.

31. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and, therefore, denies same.

32. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and, therefore, denies same.

33. Trans Union admits that on or about May 21, 2013, Plaintiff requested and was provided a copy of his Trans Union credit disclosure. Trans Union denies the remaining allegations contained in paragraph 33 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and, therefore, denies same.

34. Trans Union denies the allegations contained in paragraph 34 of the Complaint. As to the other Defendant, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and, therefore, denies same.

35. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and, therefore, denies same.

36. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and, therefore, denies same.

37. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and, therefore, denies same.

**Experian, Equifax, and Trans Union's Double Standard and Willful Misconduct**

38. Trans Union denies the allegations contained in paragraph 38 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and, therefore, denies same.

39. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and, therefore, denies same.

40. Trans Union denies the allegations contained in paragraph 40 of the Complaint. As to the other Defendant, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and, therefore, denies same.

41. Trans Union denies the allegations contained in paragraph 41 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and, therefore, denies same.

42. Trans Union denies the allegations contained in paragraph 42 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form

a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and, therefore, denies same.

43.     Trans Union admits it has been a defendant in the cases listed in paragraph 43 of the Complaint, as they pertain to Trans Union. Trans Union denies the remaining allegations contained on paragraph 43 of the Complaint.

44.     Trans Union admits it has been a defendant in the cases listed in paragraph 44 of the Complaint, as they pertain to Trans Union. Trans Union denies the remaining allegations contained on paragraph 44 of the Complaint.

45.     Trans Union denies the allegations contained in paragraph 45 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint and, therefore, denies same.

46.     Trans Union denies the allegations contained in paragraph 46 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and, therefore, denies same.

47.     Trans Union denies the allegations contained in paragraph 47 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and, therefore, denies same.

48.     Trans Union denies the allegations and the relief sought by Plaintiff in paragraph 48 of the complaint.  As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and, therefore, denies same.

49. Trans Union denies the allegations contained in paragraph 49 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and, therefore, denies same.

**COUNT ONE:**
**(Violation of 15 U.S.C. § 1681e(b))**
**(EXPERIAN, EQUIFAX, TRANS UNION)**

50. Trans Union restates and incorporates its responses to paragraphs 1 – 49 above as though fully stated herein.

51. Trans Union denies the allegations contained in paragraph 51 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and, therefore, denies same.

52. Trans Union denies the allegations contained in paragraph 52 of the Complaint. Trans Union further denies that Plaintiff suffered harm as a result of Trans Union's credit reporting practices.  As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and, therefore, denies same.

53. Trans Union denies the allegations contained in paragraph 53 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint and, therefore, denies same.

54. Trans Union denies the relief sought in paragraph 54 of the Complaint.  As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as

to the truth of the allegations contained in paragraph 54 of the Complaint and, therefore, denies same.

### COUNT TWO:
### (Violation of 15 U.S.C. §1681s-2(b)(1)(A))
### (FMS, CBE & GRANITE BAY)

55. Trans Union restates and incorporates its responses to paragraphs 1 – 54 above as though fully stated herein.

56. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint and, therefore, denies same.

57. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint and, therefore, denies same.

58. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint and, therefore, denies same.

59. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint and, therefore, denies same.

Trans Union denies the relief sought by Plaintiff in the prayer paragraph of the Complaint.

Trans Union admits that Plaintiff demands a trial by jury.

**DEFENSES**

60. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

61. Trans Union, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

62. Trans Union at all times acted in compliance with the FCRA.

63. Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

64. Some or all of Plaintiff's claims against Trans Union are barred by the applicable statute of limitations.

65. Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process and Double Jeopardy Clauses of the Fifth Amendment, the Excessive Fines Clause of the Eighth Amendment, and the laws of the Commonwealth of Virginia.

66. Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the court deems just.

                                        Respectfully submitted,

                                        /s/_____
                                        Grant E. Kronenberg
                                        Virginia Bar Number: 65647
                                        Attorney for Trans Union LLC
                                        Morris & Morris, P.C.
                                        P.O. Box 30
                                        11 S. 12th Street, Fifth Floor
                                        Richmond, VA 23218-0030
                                        Telephone: (804) 344-8300
                                        Facsimile: (804) 344-8359
                                        gkronenberg@morrismorris.com

DATED: December 27, 2013.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of December, 2013, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record registered to use the CM/ECF system in this action, as follows:

Kristi Cahoon Kelly
kkelly@siplfirm.com
Andrew Joseph Guzzo
aguzzo@siplfirm.com
Surovell Isaacs Petersen & Levy PLC
4010 University Dr, Second Floor
Fairfax, VA 22030
Telephone: (703) 251-5400
Facsimile: (703) 591-9285
  *and*
Leonard Anthony Bennett
lenbennett@cox.net
Consumer Litigation Associates
763 J. Clyde Morris Blvd, 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
***Counsel for Plaintiff***

William Delaney Bayliss
bbayliss@williamsmullen.com
Brendan David O'Toole
botoole@williamsmullen.com
Williams Mullen
200 South 10th Street
16th Floor
PO Box 1320
Richmond, VA 23218
Telephone: (804) 420-6459
Facsimile: (804) 420-6507
***Counsel for FMS, Inc.***

John W. Montgomery, Jr.
jmontgomery@jwm-law.com
John W. Montgomery Jr. Attorney PLC
2116 Dabney Rd.
Suite A-1
Richmond, VA 23230
Telephone: (804) 355-8744
Facsimile: (804) 355-8748
***Counsel for Equifax Information Services, LLC***

Joseph William Clark
jwclark@jonesday.com
Jones Day
51 Louisiana Ave NW
Washington, DC 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
***Counsel for Experian Information Solutions, Inc.***

/s/_____
Grant E. Kronenberg
Virginia Bar Number: 65647
Attorney for Trans Union LLC
Morris & Morris, P.C.
P.O. Box 30
11 S. 12th Street, Fifth Floor
Richmond, VA 23218-0030
Telephone: (804) 344-8300
Facsimile:  (804) 344-8359
gkronenberg@morrismorris.com