IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

DOUGLAS AREVALO,

        Plaintiff,

                                  Case No. 13-cv-01219

v.

EQUIFAX INFORMAITON SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC, The CBE Group, Inc.,
FMS, INC., and GRANITE BAY ACCEPTANCE, INC.,

        Defendants.
_____/

**DEFENDANT, FMS, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, FMS, INC. ("FMS"), by counsel, states as follows for its Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Douglas Arevalo ("Plaintiff"):

1. FMS admits that plaintiff purports to bring an action for actual and statutory damages under the Fair Credit Reporting Act ("FCRA"). FMS denies liability and damages, and to the extent the allegations contained in ¶ 1 state otherwise, they are denied.

2. The allegations contained in ¶ 2 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

3. The allegations contained in ¶ 3 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

4. The allegations contained in ¶ 4 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

5. FMS denies the allegations contained in ¶ 5.

## JURISDICTION

6. FMS leaves all matters of jurisdiction to the Court; therefore, FMS denies the allegations contained in ¶ 6.

## PARTIES

7. FMS denies the allegations contained in ¶ 7 for lack of knowledge or information to form a reasonable belief therein and as calling for a legal conclusion.

8. The allegations contained in ¶ 8 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

9. The allegations contained in ¶ 9 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

10. The allegations contained in ¶ 10 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

11. The allegations contained in ¶ 11 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

12. The allegations contained in ¶ 12 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

13. The allegations contained in ¶ 13 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

14. The allegations contained in ¶ 14 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

15. The allegations contained in ¶ 15 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

16. The allegations contained in ¶ 16 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

17. FMS admits it is an Oklahoma corporation. Except as specifically admitted, FMS denies the allegations in ¶ 17.

18. The allegations contained in ¶ 18 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

19. The allegations contained in ¶ 19 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

**FACTS**

20. FMS denies the allegations contained in ¶ 20 for lack of knowledge or information to form a reasonable belief therein and as calling for a legal conclusion.

21. The allegations contained in ¶ 21 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

22. The allegations contained in ¶ 22 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

23. The allegations contained in ¶ 23 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

24. FMS denies the allegations contained in ¶ 24 for lack of knowledge or information to form a reasonable belief therein.

25. FMS denies the allegations contained in ¶ 25 for lack of knowledge or information to form a reasonable belief therein.

26. FMS denies the allegations contained in ¶ 26 for lack of knowledge or information to form a reasonable belief therein.

27. FMS denies the allegations contained in ¶ 27 for lack of knowledge or information to form a reasonable belief therein.

28. FMS denies the allegations contained in ¶ 28 for lack of knowledge or information to form a reasonable belief therein.

29. FMS denies the allegations contained in ¶ 29 for lack of knowledge or information to form a reasonable belief therein.

30. FMS denies the allegations contained in ¶ 30 for lack of knowledge or information to form a reasonable belief therein.

31. FMS denies the allegations contained in ¶ 31 for lack of knowledge or information to form a reasonable belief therein.

32. FMS denies the allegations contained in ¶ 32 for lack of knowledge or information to form a reasonable belief therein.

33. FMS denies the allegations contained in ¶ 33 for lack of knowledge or information to form a reasonable belief therein.

34. FMS denies the allegations contained in ¶ 34 for lack of knowledge or information to form a reasonable belief therein.

35. FMS denies the allegations contained in ¶ 35 for lack of knowledge or information to form a reasonable belief therein.

36. FMS denies the allegations contained in ¶ 36 as written and for lack of knowledge or information to form a reasonable belief therein.

37. FMS denies the allegations contained in ¶ 37 for lack of knowledge or information to form a reasonable belief therein.

38. The allegations contained in ¶ 38 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

39. The allegations contained in ¶ 39 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

40. The allegations contained in ¶ 40 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

41. The allegations contained in ¶ 41 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

42. The allegations contained in ¶ 42 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

43. The allegations contained in ¶ 43 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

44. The allegations contained in ¶ 44 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

45. The allegations contained in ¶ 45 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

46. The allegations contained in ¶ 46 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

47. The allegations contained in ¶ 47 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

48. The allegations contained in ¶ 48 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

49. FMS denies the allegations in ¶ 49.

**COUNT ONE**
**(violation of 15 U.S.C. § 1681e(b))**
**(EXPERIAN, EQUIFAX, TRANS UNION)**

50. The allegations contained in ¶ 50 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

51. The allegations contained in ¶ 51 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

52. The allegations contained in ¶ 52 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

53. The allegations contained in ¶ 53 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

54. The allegations contained in ¶ 54 are not directed at FMS and therefore do not require a response. To the extent a response is necessary, denied for lack of knowledge or information to form a reasonable belief therein.

**COUNT TWO**
**(violations of 15 U.S.C. § 1681s-2(b)(1)(A))**
**(FMS, CBE & GRANITE BAY)**

55. FMS incorporates all answers and objections set forth above.

56. FMS denies the allegations in ¶ 56.

57. FMS denies the allegations in ¶ 57.

58. FMS denies the allegations in ¶ 58.

59. FMS denies the allegations in ¶ 59.

**AFFIRMATIVE DEFENSES BY FMS**

1. Plaintiff has not stated a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the statute of limitations and/or laches.

3. Plaintiff's claims are barred by the doctrine of avoidable consequences, failure to mitigate, estoppel, waiver, unclean hands, consent and/or assumption of risk in that plaintiff.

4. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than FMS and was beyond the control or supervision of FMS or for whom FMS was and is not responsible or liable.

5. FMS denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of FMS's purported violations.

WHEREFORE, Defendant, FMS, INC., requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Respectfully Submitted,

FMS, INC.

BY _____"/s/"_____
      Brendan D. O'Toole

William D. Bayliss, Esq. (VSB No. 13741)
bbayliss@williamsmullen.com
Brendan D. O'Toole, Esq. (VSB No. 71329)
botoole@williamsmullen.com
WILLIAMS MULLEN CLARK & DOBBINS, P.C.
200 South 10th Street, 16th Floor
Richmond, VA 23219
Telephone:    (804) 420-6000
Facsimile:     (804) 420-6507
*Counsel for Defendant FMS, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January, 2014 a copy of the foregoing was served electronically via CM/ECF on the following:

Kristi Cahoon Kelly
kkelly@siplfirm.com
Andrew Joseph Guzzo
aguzzo@siplfirm.com
Surovell Isaacs Petersen & Levy PLC
4010 University Dr, Second Floor
Fairfax, VA 22030
Telephone: (703) 251-5400
Facsimile: (703) 591-9285
and

Leonard Anthony Bennett
lenbennett@cox.net
lenbennett@clalegal.com
Consumer Litigation Associates
763 J. Clyde Morris Blvd, Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
***Counsel for Plaintiff***

John W. Montgomery, Jr.
jmontgomery@jwm-law.com
John W. Montgomery Jr. Attorney PLC
2116 Dabney Rd.
Suite A-1
Richmond, VA 23230
Telephone: (804) 355-8744
Facsimile: (804) 355-8748
***Counsel for Equifax Information Services, LLC***

Joseph William Clark
jwclark@jonesday.com
Jones Day
51 Louisiana Ave NW
Washington, DC 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
***Counsel for Experian Information Solutions, Inc.***

Grant E. Kronenberg
Virginia Bar Number: 65647
Morris & Morris, P.C.
P.O. Box 30
11 S. 12th Street, Fifth Floor
Richmond, VA 23218-0030
Telephone: (804) 344-8300
Facsimile: (804) 344-8359
gkronenberg@morrismorris.com
***Attorney for Trans Union LLC***

                    _____"/s/"_____
                         Brendan D. O'Toole


Brendan D. O'Toole, Esq. (VSB No. 71329)
botoole@williamsmullen.com

W<small>ILLIAMS</small> M<small>ULLEN</small> C<small>LARK</small> & D<small>OBBINS</small>, P.C.
200 South 10th Street, 16th Floor
Richmond, VA  23219
Telephone:     (804) 420-6588
Facsimile:      (804) 420-6507
*Counsel for Defendant FMS, Inc.*
24189528_1