**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

**DOUGLAS AREVALO,**

      **Plaintiff,**

      **v.**                               **Civil Action No. 1:13cv1219 (TSE/TRJ)**

**EQUIFAX INFORMATION**
**SERVICES, LLC, et al.,**

      **Defendants.**

**DEFENDANT GRANITE BAY ACCEPTANCE, INC.'S**
**MEMORANDUM IN SUPPORT OF ITS**
**MOTION FOR LEAVE TO FILE LATE ANSWER**

Defendant Granite Bay Acceptance, Inc. ("Defendant" and/or "Granite Bay"), by counsel, for its Memorandum in Support of Motion for Leave to File Late Responsive Answer, states as follows:

**PROCEDURAL BACKGROUND**

1.      On October 2, 2013 the Plaintiff filed its complaint in the above captioned matter pursuant to the Fair Credit Reporting Act ("FCRA"), 15 USC § 1681, *et seq.*

2.      According to the docket, Granite Bay was served on November 21, 2013. (Dkt. No. 13).

3.      Due to administrative error, Granite Bay was not made aware of this lawsuit until May 13, 2014. *See,* Affidavit of Sherry Moore, Granite Bay President attached as **Exhibit A**.

4.      Granite Bay receives notification of any pending lawsuits filed against it through an electronic notification system called Business Filings, Inc.  Business Filings, Inc. serves as its registered agent.

5.      In addition to notifications regarding lawsuits and service of process, Granite Bay also receives numerous daily notifications regarding regulations, announcements, updates and other messages through the Business Filings, Inc. system.

6.      Due to the high volume of messages and notifications that get sent to Granite Bay through the Business Filings, Inc. system, Granite Bay was not made aware of this lawsuit until after the Plaintiff filed its Motion for Entry of Default against it on May 6, 2014.  (Dkt. No. 46).

7.      Granite Bay is in the process of updating its settings and procedures in the Business Filings, Inc. system to provide special urgent notifications in the event any lawsuit or summons is filed against it to avoid the reoccurrence of this issue.

8.      Due to no fault of Granite Bay, Granite Bay was not made aware of this matter until May 13, 2014. *See,* Affidavit of Sherry Moore, Granite Bay President attached as **Exhibit A**.  On that same date, counsel was engaged and contact was made with Plaintiff's counsel to discuss this matter.

9.      On May 19, 2014 Granite Bay also filed a Motion to Set Aside the Default (and incorporates it herein as if fully set forth) and shortly will be filing papers to oppose the pending Motion for Default Judgment filed by Plaintiff.

10.      Granite Bay now brings this instant Motion for Leave to file late Answer.

## ARGUMENT

Rule 6 of the Federal Rules of Civil Procedure provides that: "When an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  As the Supreme Court of the United States has observed, "excusable neglect" under **Rule 6**(b) is a "somewhat elastic concept" which is not limited to omissions

caused by circumstances beyond the control of the movant and "may extend to inadvertent delays" in some circumstances. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 391-92, (1993); *Gilyard v. Northlake Foods, Inc.*, 367 F. Supp. 2d 1008, 1010 (E.D. Va. 2005). The determination of whether neglect is excusable

> is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . [(1)] the danger of prejudice to the [non-movant], [(2)] the length of the delay and its potential impact on judicial proceedings, [(3)] the reason for the delay, including whether it was within reasonable control of the movant, and [(4)] whether the movant acted in good faith.

*Pioneer Inv. Servs. Co.*, 507 U.S. at 395; *Bredell v. Kempthorne*, 290 Fed. App'x 564, 565 (4th Cir. 2008) (per curiam); *Gilyard*, 367 F. Supp. 2d at 1010.

In this case, the factors identified by the Supreme Court support granting Granite Bay leave to file a late Answer, a copy of which is attached hereto as **Exhibit B**. First, Plaintiff would not be prejudiced by the filing of a responsive pleading on behalf of Granite Bay. As set forth above, the reason for the delay was an inadvertent administrative error. Due to the inundation of information received on a regular basis from its registered agent, Business Filings, Inc., Defendant was never made aware of any filings in this matter. *See,* **Exhibit A**. As a result, Defendant was not aware of this lawsuit until and was unable to get a responsive pleading on file in time. Defendant did not act in bad faith. Indeed, the delay was the result of a good faith inadvertent administrative error. Accordingly, Defendant respectfully requests this Court grant its Motion for Leave to File a Late Answer.

## CONCLUSION

For the reasons set forth above, Defendant Granite Bay Acceptance, Inc. respectfully requests that this Court grant it leave to file an Answer after the deadline for filing a responsive

pleading has passed and that Defendant be granted such other and further relief as may to this

Court may deem appropriate.


Dated: May 19, 2014                                Respectfully submitted,

                                                   GRANITE BAY ACCEPTANCE, INC.


                                                   By: */s/ Ethan G. Ostroff*_____
                                                                Of Counsel


Ethan G. Ostroff (VSB No. 71610)
Counsel for Granite Bay Acceptance, Inc.
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2200
Virginia Beach, Virginia 23462
Telephone: (757) 687-7541
Facsimile: (757) 687-7541
E-mail: ethan.ostroff@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2014, I electronically filed the foregoing

document with the Clerk of the Court, using the CM-ECF system, which will send notification of

such filing to the following CM-ECF participants:

**Counsel for Plaintiff Douglas Arevalo**
Kristi C. Kelly
Andrew J. Guzzo
Kelly & Crandall PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
E-mail: kkelly@kellyandcrandall.com
E-mail: aguzzo@kellyandcrandall.com

Leonard A. Bennett
Susan M. Rotkis
Consumer Litigation Associates
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
E-mail: lenbennett@clalegal.com
E-mail: srotkis@clalegal.com

/s/ Ethan G. Ostroff
Ethan G. Ostroff (VSB No. 71610)
Counsel for Granite Bay Acceptance, Inc.
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2200
Virginia Beach, Virginia 23462
Telephone: (757) 687-7541
Facsimile: (757) 687-7541
E-mail: ethan.ostroff@troutmansanders.com

22263968v1